IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KYLE A. ARNOLD** | : | |
| *Plaintiff* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-5407 |
| | : | |
| **G.E.O. GEORGE W. HILL** | : | |
| **CORRECTIONS,** *et al.*, | : | |
| *Defendants* | : | |

# MEMORANDUM

**QUIÑONES ALEJANDRO, J.**                                                **JULY 1, 2020**

Plaintiff Kyle A. Arnold, who is currently incarcerated at SCI-Phoenix, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, based upon allegations regarding the conditions of his confinement. (ECF No. 2.) For the reasons set forth herein, Arnold's complaint will be dismissed *in part*, and allowed to proceed against one Defendant at this time, or he may file an amended complaint.

**I.        FACTUAL ALLEGATIONS**[1]

Arnold is currently housed at SCI-Phoenix, but the events giving rise to his claims are alleged to have occurred at the George W. Hill Correctional Facility ("GWH"). Arnold asserts claims against the following Defendants associated with GWH, *to wit*: GEO George W. Hill Corrections Contractors, Deputy Tatum, Lt. Jesse Moody, Sgt. Joshua Bower, and two John Doe Defendants. (ECF No. 2 at 1.)[2] Arnold also names Tammy Ferguson, Superintendent of SCI-

---

[1]     The facts set forth in this Memorandum are taken from Arnold's complaint.

[2]     The Court adopts the pagination assigned by the CM-ECF docketing system, and notes that the pages of Arnold's complaint appear not to have been scanned in order into the ECF system.

Phoenix. (*Id.*)  Additionally, in the body of his complaint, Arnold purports to state a claim against Chief Leath (also spelled Leach) and SCI-Phoenix. (*Id.* at 6, 8.)  Arnold sues GEO Group and Leath in their official capacities; he does not state whether he sues the remaining Defendants in their official or individual capacities.  Arnold summarizes his claims as follows: "My complaint is destruction of personal property, assault by a Corrections Officer and amendment of rights violation." (*Id.* at 7.)

According to the complaint, on August 5, 2019, Arnold was assaulted while handcuffed by Sgt. Bower. (*Id.* at 6, 17.)  Another officer was involved but ran away.  The entire unit observed the incident. (*Id.* at 17.)  The complaint further describes that Arnold was hit in the head with a walkie-talkie and that his arms were roughly pulled up behind him.  He alleges that his hands slipped out of the handcuffs and he tried to protect himself but blacked out. (*Id.* at 9.)  Arnold alleges that he was denied medical care because the assaulting officer was white. (*Id.*)  He further alleges that he spoke to both Deputy Wardens, Chief Leach and Lt. Jesse Moody, but they did not investigate or otherwise address the incident. (*Id.* at 3, 5 6.)

Arnold further alleges that, as a result of the incident and his subsequent requests for investigation, on August 15, 2019, he was transferred from GWH to SCI-Phoenix. (*Id.* at 7.)  He alleges that the transfer was arranged as a favor given to Lt. Moody by one of Lt. Moody's female relative's who is alleged to be a state representative. (*Id.* at 6, 7.)  The transfer was arranged after Arnold requested that Lt. Moody investigate the assault and permit him to receive outside medical care. (*Id.* at 6.)  According to Arnold, the transfer violated his Fourteenth Amendment rights, because:

> They made it like I'm a parole violator out of New Jersey which I
> have never been on any probation or parole out of the State of New
> Jersey.

2

> Now I'm sitting in a state prison unjustly which, I have not been sentence by any courts of law to be house in a state correctional facility and, the GEO George W. Hill is a private county jail which does not have any agreement to house any county inmates in a state prison unless prisoner's are sentence and transfer there otherwise.

(*Id.* at 7.)  Arnold also asserts a claim against SCI-Phoenix based on the transfer because "the superintendent knowingly knew that I wasn't a state prisoner/VOP or sentence by a court ."[3]  (*Id.* at 8.)

Throughout the complaint, Arnold refers to the loss or destruction of his personal property, though he does not state when or where this loss occurred, or who was responsible. (*Id.* at 5, 7, 19, 21.)  He further alleges that he spoke to Deputy Tatum about the loss of his property, but that Deputy Tatum did not investigate his claim. (*Id.* at 5.)  Arnold alleges that he filed grievances raising the assault, the deprivation of medical care, and the loss of personal property, but that his grievances were denied. (*Id.* at 19, 21, 23.)

Arnold alleges that he sustained personal injuries as a result of the assault, including nerve damage, a lump on his head, strain in his lower back, and difficulty with his vision as a result of his face being pushed into a wall. (*Id.* at 17.)  As relief, he requests that the responsible staff be held accountable for assaulting him, and that he be paid $1 million in compensatory damages. (*Id.*)

## II.    STANDARD OF REVIEW

As Arnold is proceeding *in forma pauperis* (ECF No. 15), 28 U.S.C. § 1915(e)(2)(B)(ii) applies.  This statute requires the Court to dismiss a complaint if it fails to state a claim.  The

---

[3]    Although Arnold asserts that he is listed as "a parole violator out of New Jersey" and "wasn't a [Pennsylvania[ state prisoner/VOP or sentence[d] by a court," a review of public records shows that Arnold entered a guilty plea in 2013 in Delaware County, Pennsylvania, to charges of simple assault and recklessly endangering another person.  He was sentenced to a custodial term of 391 days followed by two years of probation.  *See Commonwealth v. Arnold*, CP-23-CR-0008075-2013 (CCP Del.).  His probation appears to have been revoked on February 19, 2019 when he received a *Gagnon II* hearing.

determination of whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). This standard requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Arnold is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure ("Rule") 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of

4

Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III.  DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and/or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[4] *West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

### A.  *Claims Against GEO Group Inc.*

Arnold includes as a Defendant "GEO Group George W. Hill Corrections Contractors." (ECF No. 2 at 11.) The Court understands this to be a claim against GEO Group Inc., a private corporation under contract to provide services at George W. Hill Correctional Facility, which may

---

[4] Arnold states that his §1983 claim is based on deprivations "of his freedom of liberty in contravention of Article I Section 14 of the Pennsylvania Constitution and in violation of [the] Fourteenth Amendment of the United States [Constitution]." (*Id.* at 11.) However, § 1983 does not provide a vehicle for redress of state-based rights. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 118 (1992). As there is no private right of action for damages under the Pennsylvania Constitution, these claims are dismissed, as legally frivolous. *See Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019) ("[N]or is there a private right of action for damages under the Pennsylvania Constitution"); *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011) ("No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution.").

be liable under section 1983 if that entity's policies or customs caused the alleged constitutional violation. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) (acknowledging that entity contracted to perform medical services for county jail is state actor for purposes of section 1983); *French v. GEO Grp., Inc.*, Civ. A. No. 18-4312, 2018 WL 4929859, at *2 (E.D. Pa. Oct. 10, 2018) ("The GEO Group acts under color of state law by providing services for the George W. Hill Correctional Facility."); *Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *3, n.5 (E.D. Pa. Mar. 11, 2009) ("For purposes of Plaintiff's § 1983 claims, Defendant GEO Group, a private company, was acting under the color of state law since it provided daily functional services for the Delaware County Prison."). To assert a plausible claim under section 1983 against this type of entity, the plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) (citation omitted). Arnold has not tied any of the conditions of which he complains to a custom or policy of the GEO Group Inc.

A plaintiff may also state a basis for liability against an entity like GEO Group, Inc. by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, No. 16-4351, 2019 WL 2998601, at *8 (3d Cir. July 10, 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.* Arnold has not alleged a failure to supervise, train, or discipline on the part of GEO Group Inc.

6

Arnold's complaint does not, in fact, include any factual allegations as to any conduct engaged in by GEO Group Inc. Therefore, his claim against GEO Group Inc., as alleged, is not plausible, and will be dismissed without prejudice.

### B. *Official Capacity Claims*

Arnold purports to state a claim against Defendant Leach in his official capacity. (ECF No. 2 at 11.) Claims against GWH officials named in their official capacity are indistinguishable from claims against Delaware County. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). That is because "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Graham*, 473 U.S. at 166. In other words, Arnold's official capacity claim is effectively a claim against Delaware County.

Arnold alleges that "Chief Leach didn't want to hear anything and ignored my request for everything." (ECF No. 2 at 6.) He also alleges that Leach, when advised of the alleged assault, did nothing. (*Id.* at 9.) Arnold does not allege that Leach's conduct reflected a policy or custom, or that it was the result of a failure to supervise, train, or discipline. As pled, Arnold's official capacity claim against Leach is not plausible. The Court will, therefore, dismiss without prejudice, Arnold's claim against Defendant Leach.

### C. *Claims Based on Loss of Property*

Arnold purports to state a claim for loss or destruction of personal property, but provides no facts supporting this claim other than the conclusory assertion that he was deprived of personal property. (ECF No. 2 at 5, 7, 19, 21.) The absence of meaningful allegations, however, is of no import, because a prisoner in Pennsylvania cannot state a constitutional claim based on the loss of

his property. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available.'" (quoting *Hudson*, 468 U.S. at 533)); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) *(per curiam)* (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property). Arnold's claim based on the alleged loss or destruction of his personal property is dismissed with prejudice.

D. *Claim Based on Use of Excessive Force*

This Court understands Arnold's claim against Sgt. Bower, based on the assault, to be an Eighth Amendment excessive force claim. The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992). When screening an Eighth Amendment excessive force claim under § 1915, a court asks whether the prisoner has alleged plausibly that the force was applied "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline." *Jackson v. Bueno,* Civ. A. No. 20-0687, 2020 WL 2847925, at *3 (E.D. Pa. June 2, 2020) (quoting *Hudson*, 503 U.S. at 7). The factors used to determine whether the force applied was excessive include: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response. *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). Although the extent of an inmate's injuries is relevant to an Eighth Amendment analysis, "there is no fixed minimum quantum of injury that

a prisoner must prove that he suffered through objective or independent evidence in order to state a claim for wanton and excessive force." *Id.* at 104. Thus, the inquiry must be driven by the extent of the force and the circumstances in which it is applied, not by the resulting injuries. *Id*. at 108; *see also Smith v. Mensinger*, 293 F.3d 641, 648 (3d Cir. 2002). The Eighth Amendment does not protect against a *de minimis* use of physical force, so long as it is not of a sort "repugnant to the conscience of mankind." *Brooks*, 204 F.3d at 107 (quoting *Hudson*, 503 U.S. at 9-10).

Here, Arnold's complaint alleges that Sgt. Bower struck Arnold with a walkie-talkie while he was handcuffed, roughly pulled his handcuffed arms, then assaulted him until Arnold blacked out. (ECF No. 2 at 6.) These allegations are sufficient for purposes of § 1915 screening.

E.   *Claims Based on Failure to Address Arnold's Serious Medical Needs*

Arnold claims that he was deprived of medical care following the alleged assault. (ECF No. 2 at. 6.) To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[5] *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment

---

[5]   Although it is unclear whether Arnold was a pretrial detainee or a convicted prisoner at the time of the events in question, the Fourteenth Amendment governs his claim. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). However, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam); *see also Moore v. Luffey*, No. 18-1716, 2019 WL 1766047, at *3 n.2 (3d Cir. Apr. 19, 2019) (declining to address whether a new standard applies to claims raised by pretrial detainees based on issues related to medical care).

or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, No. 19-1684 (3d Cir. Apr. 27, 2020, slip op. at 13 (holding that attaching documents to grievance form is insufficient under *Rode* to show personal direction or actual knowledge by recipient of underlying facts)).

According to the complaint, Arnold sustained injuries in the assault, including a lump on his head, nerve damage, injuries to his fingers, and damage to his vision. (ECF No. 2 at 15.) Though he alleges he was denied medical care for these injuries, he does not identify any medical personnel who denied him care.[6] The allegations in the complaint are insufficient to state a

---

[6] Arnold does allege that he requested and was denied outside medical care when he spoke to Defendant Deputy Tatum and Deputy Doe, who do not appear to be members of the medical staff. (ECF No. 2 at 5.) He does not state when these conversations occurred, or whether he also requested care to be undertaken at GWH. These allegations are also insufficient to state a plausible claim. "If a prisoner is under the care of medical experts . . ., a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *See Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004); *see also Carter v. Smith*, 483 F. App'x 705, 708 (3d Cir. 2012) (*per*

plausible claim for deliberate indifference to Arnold's serious medical needs following the alleged assault. The claim, accordingly, is dismissed. However, because the Court cannot say with certainty that Arnold will not be able to state a plausible claim for denial of adequate medical care, he will be permitted to amend this claim.

F. *Claim Based on Transfer to SCI-Phoenix*

Arnold purports to state a claim based on his transfer from GWH to SCI-Phoenix. It is unclear whether this claim is asserted against Defendant Lt. Moody, who is alleged to have arranged for the transfer, or Defendant Ferguson, who is alleged to have received Arnold at SCI-Phoenix. (*Id.* at 8.)[7] Not only is the target of the claim unclear, the very nature of the claim is also unclear.

It is well-settled that prisoners have no inherent constitutional right to placement in any particular prison, to any particular security classification, or to any housing assignment. *See Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005) (holding that the Constitution does not give rise to liberty interest in avoiding transfers to more adverse conditions of confinement); *Lane v. Tavares*, Civ. A. No. 14-991, 2016 WL 7165750, at \*16 (M.D. Pa. July 12, 2016) (same). While Arnold asserts a due process violation arising from his transfer, since it is unclear whether Arnold is confined on a parole violation as shown by the public record, or for some other reason, the Court

---

*curiam*) ("Prison officials cannot be held to be deliberately indifferent merely because they did not respond to the medical complaints of a prisoner who was already being treated by the prison medical staff.")

[7] Arnold also seeks to assert a claim against SCI-Phoenix for accepting him as a prisoner at the facility. (ECF No. 2 at 8.) Any § 1983 claim against SCI-Phoenix must be dismissed as frivolous because a prison is not a "person" under Section 1983. *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at \*1 (E.D. Pa. July 20, 2010); *Miller v. Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL 4055846, at \*2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976).

cannot say whether Arnold presents a cognizable legal claim to which a defendant could respond on the merits. Accordingly, this claim is dismissed, without prejudice, under Rule 8 and § 1915(e)(2)(B) with leave granted to file an amended complaint if Arnold can cure the defects the Court has identified.

## IV.     CONCLUSION

For the foregoing reasons, Arnold's complaint is dismissed, in part, pursuant to 28 U.S.C. § 1915(e)(2(B)(ii) for failure to state a claim. Accordingly, Arnold's claims against SCI-Phoenix and his claims based on the alleged loss or destruction of his personal property and for violation of Article I, Section 14 of the Pennsylvania Constitution are dismissed, with prejudice. All other claims, with the exception of the excessive force claim against Defendant Sgt. Bower, are dismissed, without prejudice, and with leave granted to Arnold to file an amended complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Should Arnold fail to file an amended pleading, the remaining claim will be served on Sgt. Bower only. An appropriate Order follows.

***NITZA I. QUIÑONES ALEJANDRO*, J.**